# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3712

_____

| | | |
|---|---|---|
| Charlotte Kennedy, on behalf of K. W., | * | |
| | * | |
| | * | Appeal from the United States |
| Appellant, | * | District Court for the Western |
| | * | District of Arkansas. |
| v. | * | |
| | * | [UNPUBLISHED] |
| Michael J. Astrue, Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: November 25, 2009
Filed: December 1, 2009

_____

Before BYE, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Charlotte Kennedy, on behalf of her minor son K.W., appeals the district court's[1] order affirming the denial of supplemental security income. In 2004 applications, Kennedy alleged that K.W.--then age 11--had been disabled since March 1997 from learning disabilities, attention deficit hyperactivity disorder (ADHD), and

_____

[1]The Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

allergies. After a hearing, an administrative law judge (ALJ) determined that (1) K.W.'s ADHD and learning disorder, for language/reading and for mathematics, were severe impairments; (2) his impairments did not meet or equal the requirements of any listing; (3) Kennedy's testimony and statements concerning the intensity, persistence, and limiting effects of K.W.'s symptoms were not fully credible; and (4) K.W.'s impairments, alone or combined, did not functionally equal a listing. The Appeals Council denied review, and the district court affirmed.

To the extent Kennedy's arguments are properly before us, see Border State Bank, N.A. v. AgCountry Farm Credit Servs., 535 F.3d 779, 783-84 (8th Cir. 2008) (declining to consider appellant's contention in part because it was not developed in briefs); Flynn v. Chater, 107 F.3d 617, 620 (8th Cir. 1997) (arguments first raised on appeal need not be entertained unless manifest injustice would result), we conclude that the ALJ's determinations concerning whether K.W.'s impairments met or equaled a listing, and concerning functional equivalence, are supported by substantial evidence on the record as a whole, see Moore ex rel. Moore v. Barnhart, 413 F.3d 718, 721 (8th Cir. 2005) (standard of review). Accordingly, we affirm.

_____